UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 99 CR 00381-1 |
| | ) | |
| JOHN T VEYSEY III | ) | Judge Rebecca R. Pallmeyer |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant John T. Veysey III, who is currently serving a 110-year sentence for wire fraud, arson, and felony by fire, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons discussed below, the court denies his motion.

**BACKGROUND**

Mr. Veysey has committed extraordinary crimes. Throughout the 1990s, Veysey devised various deadly schemes to cause losses and collect insurance proceeds. Among other offenses, Veysey fraudulently obtained $959,849.47 in insurance proceeds from a car "accident" involving his first wife, from the death of his first wife, and from arsons to three of his residences. He tried to obtain an additional $1.3 million in insurance proceeds by attempting to kill his second wife and then-infant son in a house fire, and he schemed to fake the deaths of another woman and her sons. (*See generally* Sentencing Order [115].)

On March 21, 2000, a federal grand jury returned a 21-count superseding indictment against Mr. Veysey, charging him with mail fraud, wire fraud, arson, and use of fire to commit a federal felony [27]. The government dismissed three of the four arson counts prior to trial. On March 6, 2001, following a six-week trial, a jury found Veysey guilty on the 18 remaining counts [97]. On November 30, 2001, consistent with the then-binding Sentencing Guidelines, this court sentenced Veysey to the statutory maximum of 110 years' imprisonment [115]. Veysey appealed his sentence, and, on June 26, 2003, the Seventh Circuit affirmed it, holding that because "Veysey's remarkable spree included murder as well as attempted murder, multiple arsons, and

multiple frauds," this court properly imposed a sentence that reflects the extreme seriousness of Veysey's conduct. *United States v. Veysey*, 334 F.3d 600, 602 (7th Cir. 2003). The Supreme Court subsequently denied Veysey's petition for review. *Veysey v. United States*, 540 U.S. 1129 (2004).

On January 21, 2005, Mr. Veysey moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Because Veysey raised the same arguments in that motion that the Seventh Circuit rejected on direct review, this court denied the motion. *United States v. Veysey*, Case No. 05-CV-386 (N.D. Ill. Oct. 13, 2005), ECF No. 14. Veysey did not appeal. He is currently serving his sentence at Oxford FCI with a projected release date of February 9, 2093. (Ex. C-1 to Def's Mot. [147].)

On May 21, 2021, Mr. Veysey moved the court to amend his 1,320-month sentence to a 336-month sentence under 18 U.S.C. § 3582(c)(1)(A)(i) [147]. That statute requires a prisoner to fully exhaust his administrative remedies before filing a compassionate release motion with the court, and the parties agree that Veysey has done so here. (Gov't Resp. at 13–14.) Veysey argues that several factors justify a sentence reduction, including his health conditions, ongoing risks associated with COVID-19 in the federal prison system, alleged sentencing disparities between him and other offenders, his purported rehabilitation, and his preparations for reintegrating into the community. (Def.'s Mot. at 1–2.) On July 6, 2022, Veysey submitted an updated motion in which he discusses COVID-19 risks, his ongoing health concerns, and his recidivism risk level [159].

## **DISCUSSION**

As a general matter, a federal court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But § 3582(c)(1)(A)(i) provides an exception: the court may reduce a sentence if "extraordinary and compelling reasons" justify release. Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), prisoners could not move for compassionate release on their own; now, either a prisoner himself or the Director of Bureau of

Prisons may file such motions. *Id.* When, as here, a prisoner files the motion, the court reviews it in two steps. First, the court considers whether the prisoner has presented an extraordinary and compelling reason for release. Second, the court assesses whether release is appropriate under the factors laid out in 18 U.S.C. § 3553(a). *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021). If the prisoner does not present an extraordinary and compelling reason for release, the court need not address the § 3553(a) factors; conversely, if the § 3553(a) factors weigh against release, the court need not consider whether the prisoner has presented an extraordinary and compelling circumstance. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021). For the sake of completeness, the court will address both issues here.

**I.      Extraordinary and Compelling Reason**

The kind of extraordinary and compelling circumstances contemplated by § 3582(c)(1) include "some new fact about an inmate's health or family status, or an equivalent post-conviction development, not a purely legal contention for which statutes specify other avenues of relief." *United States v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023); *see also* USSG § 1B1.13 cmt. n.1. Legal arguments that an initial sentence was made in error do not qualify. *Von Vader*, 58 F.4th at 371. Additionally, the First Step Act did not create or modify "extraordinary and compelling reasons" for compassionate release. *United States v. King*, 40 F.4th 594, 596 (7th Cir. 2022).

Mr. Veysey first points to his health conditions—including hypertension, atrial fibrillation, and obesity—as circumstances justifying a sentence reduction. (Def.'s Mot. at 1, 34–39; Def.'s Update [159] at 1–2.) Veysey admits, however, that he is receiving adequate medical treatment for those conditions (Def's Mot. at 34); they therefore do not qualify as extraordinary and compelling circumstances. The existence of COVID-19 does not change this fact: Veysey has been vaccinated against COVID-19, and he has also contracted and recovered from the virus. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021).

Second, Veysey contends that the court should reduce his sentence due to what he believes to be unwarranted sentencing disparities between him and other offenders. (Def.'s Mot.

3

at 13–16.) Arguments regarding sentencing disparities challenge the appropriateness of a defendant's sentence. Under Seventh Circuit law, sentencing disparities do not qualify as an extraordinary and compelling reason for early release, and Veysey may not use a motion for compassionate release to argue that the court's original sentencing decision was incorrect. *See United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *States v. Arojojoye*, 806 Fed. App'x 475, 477 (7th Cir. 2020).

Third, Veysey offers evidence of his rehabilitation while in prison. (Def.'s Mot at 16–33; Def.'s Update at 2–4.) But rehabilitation alone is not an extraordinary and compelling reason for release, nor can rehabilitation render otherwise ordinary circumstances extraordinary. *See* 28 U.S.C. § 994(t); *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022). Likewise, the fact that Veysey has now spent several years in prison and has made efforts to prepare for life outside of prison does not qualify as an extraordinary and compelling reason that could justify his release. (*See* Def.'s Mot. at 1–2.)

## II. Section 3553(a) Factors

Even if Mr. Veysey were to present an extraordinary and compelling reason for compassionate release, the court would still deny his motion under the § 3553(a) factors. "Consideration of even one § 3553(a) factor may show that the others do not matter." *Ugbah*, 4 F.4th at 598. The first § 3553(a) factor, which addresses the "nature and circumstances" of a defendant's offenses and personal circumstances, strongly militates against a sentence reduction. His crimes were shocking: Veysey killed his first wife, tried to kill his second wife and then-toddler son, torched multiple houses, and purchased life insurance coverage on another woman shortly before he was arrested—all to collect insurance money. Veysey carried out these extraordinarily serious offenses over several years, destroyed numerous lives, and caused enormous emotional and physical pain and monetary damage. Even if Veysey had presented this court with an extraordinary and compelling reason for his release, consideration of § 3553(a)(1) alone would provide a sufficient basis for denying his motion.

## **CONCLUSION**

For the reasons discussed above, Veysey's initial and updated motions for compassionate release [147, 159] are denied.

ENTER:

Dated: March 2, 2023

_____
REBECCA R. PALLMEYER
United States District Judge